IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

John M. Steiner,

          Debtor.

(Chapter 7)

Case No. 08-15859

Starfire, Inc.

          Plaintiff,

v.

John M. Steiner

          Defendant.

Adv. No. 09-00030

MEMORANDUM DECISION

    This matter was remanded from the United States District Court for the Western District of Wisconsin on April 1, 2011, with instruction to make additional findings of fact. After reviewing the decision of the district court, and the record of the trial in this adversary proceeding, I find that:

    On September 10, 2009, I ruled from the bench that Starfire, Inc. ("Starfire") had established its claim for nondischargeability under § 523(a)(4), and that the defendant had committed defalcation while acting in a fiduciary capacity when he violated WIS.STAT. § 779.02(5)—*Theft by Contractors* provision. The district court vacated the judgment and remanded the case to this court "for further factual findings only on whether Steiner acted with

something more than negligence to constitute defalcation under the bankruptcy code." The district court affirmed all other findings.

My review of the record has refreshed my recollection of the weight and credibility I had assigned to the testimony recorded. The defendant was a president of Quality Fire Protection ("Quality"), which was organized as a corporation under Wisconsin law. Quality, under the defendant's control, conducted a sophisticated business. At the time the defendant filed bankruptcy, Starfire had supplied incorporated products and billed Quality for a total of $262,503.43 on 42 jobs. On several of those jobs, Quality had been paid for the work performed but failed to remit to Starfire any of the proceeds received. The defendant's sophistication of the construction industry and the sheer number of jobs in which Quality was engaged, allows me to infer that the defendant knew, or should have known of his duties to Quality under WIS.STAT. § 779.02(5) and that he proceeded in the face of that knowledge to use the funds held in statutory trust for the benefit of others. His actions were more than negligence. The defendant possessed the level of intent required to establish "defalcation" under § 523(a)(4).

This finding supports my prior conclusion that Starfire met its burden on all elements required under § 523(a)(4). Starfire's claim is therefore nondischargeable.

Dated: May 2, 2011

/s/ Robert D. Martin

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

John M. Steiner,

(Chapter 7)

Debtor.

Case No. 08-15859

Starfire, Inc.

Plaintiff,

v.

Adv. No. 09-00030

John M. Steiner

Defendant.

ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed on this date, it is hereby ORDERED that discharge of the $97,158.81 owed by John M. Steiner to Starfire, Inc. be DENIED.

Dated: May 2, 2011

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE